101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
 Julius TATE, Plaintiff-Appellant,
v.
Kathleen McDONNELL, Sergeant # 3338; Kevin McMahon, Police
Officer # 13825; Kevin Keuchler, Police Officer #
20800; the New York City Police
Department, and its counterparts,
Defendants-Appellees.
 
 No. 95-2837.
 United States Court of Appeals, Second Circuit.
 June 7, 1996.
 APPEARING FOR APPELLANT: Julius Tate, pro se, Marcy, N.Y.
 APPEARING FOR APPELLEES: A. Orli Spanier, Asst. Corporation Counsel, Office of the Corporation Counsel, New York, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Before NEWMAN, Chief Judge, and JACOBS and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Julius Tate appeals pro se from the judgment of the District Court, entered February 2, 1996, dismissing as time-barred his complaint alleging civil rights violations brought pursuant to 42 U.S.C. § 1983.
 
 
 4
 Since the complaint was filed more than three years after the episode giving rise to Tate's allegations, it was properly dismissed. The statute of limitations was not tolled by either the pendency of Tate's administrative claim before the Civilian Complaint Review Board or by his incarceration. His attempt to plead a malicious prosecution claim fails because he has not alleged that the criminal proceedings terminated in his favor. All of his contentions were properly rejected for reasons set forth in the memorandum and order of the District Court.